IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TATYANA LASHELLE MCBEE                                              PLAINTIFF

v.                                    Case No. 4:24-cv-04118

CORWIN BATTLE; JOHN RHONE;
INVESTIGATOR BLAKE EUDY; LARRY
MARION; BRYAN CHESSIR; and AARON BRASEL          DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed on December 2, 2025, by the

Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of

Arkansas.  ECF No. 23.  Plaintiff has filed objections.  ECF No. 26.  The Court finds the matter

ripe for consideration.

## I.  BACKGROUND

On November 3, 2023, Plaintiff filed her initial Complaint in the Eastern District of

Arkansas.  ECF No. 2.  On November 6, 2023, Plaintiff filed an Addendum to her Complaint.  ECF

No. 3.  The Eastern District Court transferred the case to this Court on December 2, 2024.  ECF

No. 4.

On January 15, 2025, the Honorable Barry A. Bryant, the United States Magistrate Judge

for the Western District of Arkansas who was previously assigned to this matter, filed a Report and

Recommendation.  ECF No. 11.  Judge Bryant recommended that the Court dismiss Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may

be granted.  *Id.*  On February 3, 2025, Plaintiff filed a Motion to Amend her Complaint and a

Motion for an Extension of Time to file her objections.  ECF No. 12.  This Court declined to adopt

the Report and Recommendation and granted Plaintiff's Motion to Amend her Complaint.  ECF

No. 16.

On October 31, 2025, Plaintiff filed her Amended Complaint, which was referred to Judge Singleton for preservice screening pursuant to 42 U.S.C. § 1915A(a).  ECF No. 22.  In her Amended Complaint, Plaintiff names Special Agents of the Arkansas State Police Corwin Battle and John Rhone, Police Detective Larry Marion, Investigator Blake Eudy, Former Prosecutor and Circuit Court Judge Bryan Chessir, and Prosecuting Attorney Aaron Brasel as defendants.  *Id.* at 1.  Plaintiff alleges that Defendants violated her Fourth, Fifth, Sixth, and Fourteenth Amendment rights and violated Article 2 Sections 10 and 15 of the Arkansas Constitution.  *Id.*

Plaintiff asserts three categories of claims: (1) unlawful arrest; (2) unreasonable search and seizure; and (3) prosecutorial misconduct.  First, Plaintiff alleges that Defendants Battle, Rhone, Marion, and Eudy unlawfully arrested her on August 16, 2016, without a valid warrant or probable cause.  *Id.*  Plaintiff claims that she learned of the alleged invalidity of her arrest warrant in September 2022 when she received discovery for her state criminal case.  *Id.* at 2.  She alleges that Defendant Rhone swore by affidavit that he obtained a warrant for her arrest on August 16, 2016, but that "no such arrest warrant existed, nor was issued by any court clerk."  *Id.*  Second, Plaintiff alleges that Defendants Battle, Rhone, Marion, and Eudy conducted an unreasonable search and seizure of her "items" following her August 16, 2016 arrest without a valid warrant or probable cause.  *Id.*  Third, Plaintiff claims that Defendants Chessir and Brasel, former prosecutors, prosecuted Plaintiff's case despite knowing from the discovery documents that Plaintiff's arrest and search warrant were either nonexistent or invalid.  *Id.*  Plaintiff alleges that Defendant Chessir and Brasel "filed information" on her state charges of aggravated robbery and unauthorized use of another person's vehicle to facilitate certain crimes after reviewing "the documents supporting the unlawful arrest [and] illegal search and seizure."  *Id.* at 2-3.  Plaintiff alleges that Defendant Chessir and Brasel were not acting in good faith by continuing to prosecute her because "the unlawfulness

2

[of her arrest and search and seizure] was clearly established with the court." *Id.* at 3.  Plaintiff claims that all Defendants should have taken "corrective action." *Id.*

For relief, Plaintiff seeks $500,000 in punitive damages, $300,000 in compensatory damages, a formal apology from all Defendants, and the termination of Defendants Rhone, Battle, Eudy, and Marion. *Id.*  Plaintiff sues all Defendants in both their official and individual capacities. *Id.*

On December 2, 2025, Judge Singleton conducted a preservice screening of Plaintiff's Amended Complaint and recommends that Plaintiff's claims be dismissed for five reasons.  ECF No. 23.  First, Judge Singleton finds that Plaintiff's claims are timed barred by the three-year statute of limitations because she filed this case over eight years from the date of her arrest and related search and seizures and over six years since her prosecution and conviction.  *Id.* at 7-8. Judge Singleton notes that even if the Court liberally construes Plaintiff's Amended Complaint to claim that she first became aware of the nonexistent or invalid warrant in September 2022 when she received discovery in her criminal case as falling within the three-year limitation, Plaintiff's claims fail for other reasons.  *Id.* at 8-9 n. 4.

Second, Judge Singleton recommends that Plaintiff's unlawful arrest claim be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  ECF No. 23, at 9-10. Judge Singleton finds that Plaintiff's unreasonable search and seizure claims are not barred by *Heck*. *Id.*  However, Judge Singleton finds that those claims are barred by the statute of limitations because they accrued in August 2016. *Id.*  at 10.

Third, Judge Singleton finds that Defendants Chessir and Brasel are immune from Plaintiff's prosecutorial misconduct claims for their prosecution of Plaintiff's state case because prosecutors are absolutely immune from liability in § 1983 cases for prosecutorial actions that are

"intimately associated with the judicial phase of the criminal process." *Id.* at 10 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Thus, Judge Singleton recommends that the Court dismiss Plaintiff's claims against Defendants Chessir and Brasel.

Fourth, Judge Singleton recommends that the Court dismiss Plaintiff's official capacity claims against all Defendants because they are barred by the Eleventh Amendment. *Id.* at 11. Finally, Judge Singleton recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims under the Arkansas Constitution because all of Plaintiff's federal § 1983 claims fail as a matter of law. *Id.*

On December 22, 2025, Plaintiff filed timely objections to Judge Singleton's recommendations. ECF No. 26.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d

4

356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted).

In the instant case, Plaintiff objects to all of Judge Singleton's recommendations except for Judge Singleton's recommendation regarding her state law claims.  ECF No. 26.  The Court finds Plaintiff's objections are timely and specific and will review them *de novo*.  *See Thompson*, 897 F.2d at 358-59.

### A.  *Heck v. Humphrey*

Plaintiff first objects to Judge Singleton's recommendation that her unlawful arrest claim be dismissed pursuant to *Heck v. Humphrey*.  Plaintiff argues that *Heck* does not apply because she seeks neither "immediate nor eventual release."  ECF No. 26, at 6.

In *Heck*, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit if the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the plaintiff has shown the conviction or sentence was reversed, expunged, or called into question by issuance of a writ of habeas corpus.  512 U.S. at 486-87.  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use § 1983 to cast doubt on the legality of his conviction or confinement, and the claims must be dismissed.  *Id.*  The Court will consider each of Plaintiff's three § 1983 claims to determine whether they are barred by *Heck*.

### 1.  Unreasonable Search and Seizure

The Court agrees with Judge Singleton that Plaintiff's unreasonable search and seizure claim is not barred by *Heck*.  *Heck* does not bar claims "if the district court determines that the

plaintiff's [claims], even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.* at 487. In footnote seven of *Heck*, the Supreme Court explains that an unreasonable search claim is not barred by *Heck* because "a § 1983 action [on an unreasonable search claim], even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* at 487 n.7. This logic applies "even when the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* Accordingly, the Court finds that Plaintiff's unreasonable search and seizure claim against Defendants Battle, Rhone, Marion, and Eudy are not barred by *Heck*.

### 2. Unlawful Arrest

In order to determine whether *Heck* precludes Plaintiff's unlawful arrest claim, the Court must consider "whether a judgment in favor of [Plaintiff] would necessarily imply the invalidity of [her] conviction or sentence . . . ." 512 U.S. at 484, 487. Plaintiff alleges that Defendants Battle, Rhone, Marion, and Eudy unlawfully arrested her without a warrant or probable cause on August 16, 2016, and that Defendants Chessir and Brasel charged her with aggravated robbery and unauthorized use of another person's vehicle to facilitate certain crimes "only after [reviewing] . . . the documents supporting the unlawful arrest [and] illegal search and seizure." ECF No. 22, at 2-3. The state criminal case resulting from this arrest commenced on September 12, 2016, and Plaintiff pled guilty to her charges on April 17, 2018. *State v. Tatyana McBee*, Criminal Case No. 31CR-16-120, https://caseinfo.arcourts.gov/opad/case/31CR-16-120 (last visited May 21, 2026).

The Court finds that Plaintiff is clearly attacking the basis of her conviction through her alleged unlawful arrest. Additionally, the alleged unlawful arrest occurred when Plaintiff was arrested for offenses to which she later pled guilty. *See Gerling v. City of Hermann, Mo.*, 2 F.4th 737, 743 (8th Cir. 2021) (finding that a § 1983 plaintiff's unlawful arrest claim is barred by *Heck*

6

when the "basis for the arrest and for the conviction are one and the same"); *see also Dunn v. Bethel*, No. 6:16-CV-06006, 2018 WL 3750977, at *2 (W.D. Ark. July 18, 2018) (finding that a § 1983 plaintiff's false arrest claim is barred by *Heck* when the alleged false arrest occurred at the time the plaintiff was arrested for the offense to which he was later found guilty), *report and recommendation adopted*, 2018 WL 3745831 (W.D. Ark. Aug. 7, 2018).  Plaintiff has not alleged that her state criminal conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  *Heck*, 512 U.S. at 487.  Accordingly, Plaintiff's unlawful arrest claim is barred by *Heck*.

Further, even if Plaintiff's unlawful arrest claim is not barred by *Heck*, "a guilty plea forecloses a section 1983 claim for arrest without probable cause."  *Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996).  Accordingly, the Court dismisses Plaintiff's unlawful arrest claim against Defendants Battle, Rhone, Marion, and Eudy without prejudice.  *See Schefer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (explaining that the dismissal of a *Heck*-barred claim should be without prejudice so plaintiff can refile if she later satisfies the *Heck* requirements).

### 3. Malicious Prosecution

Finally, the Court finds that Plaintiff's malicious prosecution claim against Defendants Chessir and Brasel is also barred by *Heck*.  Plaintiff alleges that Defendants Chessir and Brasel prosecuted her case despite knowing that Defendants Battle, Rhone, Marion, and Eudy unlawfully arrested her and searched and seized her items without a warrant or probable cause.  ECF No. 22, at 2.  Plaintiff alleges that Defendants Chessir and Brasel "filed information" on her charges "only after the review of all the documents supporting the unlawful arrest, illegal search and seizure that was provided" by Defendants Battle, Rhone, Marion, and Eudy.  *Id.* at 2-3.  Plaintiff's malicious

prosecution claim attacks the validity of her conviction, and Plaintiff has not shown that her state conviction has been reversed or set aside. *See Williams*, 93 F.3d 527, 529 (8th Cir. 1996) (finding that a plaintiff's § 1983 malicious prosecution claim is barred by *Heck* because it would "necessarily imply the invalidity of his conviction or sentence" and the plaintiff had not shown the conviction had been reversed or set aside). Accordingly, the Court finds that Plaintiff's malicious prosecution claim is barred by *Heck* and dismisses it without prejudice. *See Schefer*, 46 F.3d at 45.

### B. Prosecutorial Immunity

Plaintiff also objects to Judge Singleton's finding that Defendants Chessir and Brasel are immune from suit under prosecutorial immunity. ECF No. 26, at 6-7. The Court found above that Plaintiff's malicious prosecution claims are barred by *Heck*. However, the Court notes that it agrees with Judge Singleton's findings and overrules Plaintiff's objections on prosecutorial immunity. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1971) established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430, and applies even if the prosecutor "knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted).

In her objections, Plaintiff argues that prosecutorial immunity does not apply here because Defendants Chessir and Brasel acted "out of self-interest and malice" and "fail[ed] to perform prosectorial [sic] duties for the sole purpose to advance the claims in the indicted information against [Plaintiff]." ECF No. 26, at 7. In support, Plaintiff cites *Sample v. City of Woodbury*, 836

8

F.3d 913, 916 (8th Cir. 2016). *Sample* does not support Plaintiff's argument. In *Sample*, the Eighth Circuit instructed that "absolute immunity . . . ***is not defeated*** by allegations of malice, vindictiveness, or self-interest." *Id.* (citations omitted) (emphasis added). Alleged unethical conduct or improper motives, including malice or self-interest, are irrelevant to whether absolute prosecutorial applies. *Id.* Rather, the relevant question is whether the prosecutor's action was "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Here, Plaintiff alleges that Defendants Chessir and Brasel "tried and prosecuted" her case with knowledge that her arrest and search and seizure were unlawful. This conduct falls squarely within prosecutorial functions. *See Sample*, 836 F.3d at 916 (finding that a prosecutor was immune from liability under § 1983 when he filed a criminal complaint to advance the claim of his client in other civil actions). Accordingly, the Court finds that Defendants Chessir and Brasel are immune from liability.

### C.  Statute of Limitations

Plaintiff's only remaining § 1983 claim is her unreasonable search and seizure claim against Defendants Battle, Rhone, Marion, and Eudy. Judge Singleton found that Plaintiff's unreasonable search and seizure claim began accruing on August 2016, the date of her arrest and the relevant search and seizures. ECF No. 23, at 8. Judge Singleton further found that Plaintiff filed her case outside of the applicable three-year statute of limitations on December 2, 2024, and recommends that Plaintiff's claim be dismissed. *Id.* at 7-8.

Plaintiff objects and claims that she filed her case within the three-year statute of limitation timeframe because she did not have "complete knowledge and scope of the cause of action" until September 2022,[1] when she received discovery from her criminal trial. ECF No. 26, at 9. Plaintiff

---

[1] Plaintiff alleges that she received the discovery from her state criminal case in September 2022 in her Amended Complaint and in August 2022 in her objections. ECF Nos. 22, at 2; 26, at 9. The Court will use the later date in its

9

also argues that she filed this case initially in the Eastern District of Arkansas on November 3, 2023. *Id.*

Section 1983 claims are governed by the statute of limitations for personal injury torts of the state where the claims arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Arkansas provides a three-year limitations period for bringing personal injury-claims. *See Miller v. Norris*, 427 F.3d 736, 739 (8th Cir. 2001); *see also* Ark. Code Ann. § 16-56-105 (personal injury statute of limitations). While the relevant statute of limitations is governed by state law, the accrual date— that is, when the statute of limitations begins to run—of a § 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388. Under federal law, accrual occurs when the plaintiff has "a complete and present cause of action[.]" *Id.* (internal citations and quotations omitted). A cause of action for unlawful search and seizure of property accrues at the time of the seizure. *Martin v. Julian*, 18 F.4th 580, 583 (2021) (citing *Kaster v. Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992)).

The Court finds that Plaintiff's accrual date began "at the time of the seizure," on August 16, 2016. *Id.* Though Plaintiff argues that she did not have a "full and clear scope of the Constitutional violation" until September 2022, when she received discovery from her state criminal case, "[c]ertainty is not the standard." *See Rassier v. Sanner*, 996 F.3d 832, 837 (2021) (citations omitted) (finding that a section 1983 plaintiff's retaliation claims accrued when the retaliatory acts occurred, not when the plaintiff's received evidence leading them to believe that they could obtain relief on their claims). "If it were, 'the statute of limitations would never run— for even after judgment, there is no certainty." *Id.* at 838 (quoting *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005)). The Court finds that the statute of limitations on Plaintiff's unreasonable search and seizure claim has run. Even considering Plaintiff's earlier filing date of

---

analysis because it is more favorable to Plaintiff, although this distinction will not ultimately change the outcome.

November 3, 2023, in the Eastern District of Arkansas, Plaintiff waited seven years and two months to file her case. Accordingly, the Court finds that Plaintiff's unreasonable search and seizure claims are dismissed.

### D. Official Capacity Claims and State Law Claims

Having found that Plaintiff's § 1983 claims against all Defendants are either barred by *Heck* or by the statute of limitations, the Court will not consider Plaintiff's objections to Judge Singleton's findings that her official capacity claims are barred by the Eleventh Amendment. ECF Nos. 23, at 11; 26, at 7-9. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under the Arkansas Constitution because her federal § 1983 claims fail as a matter of law. *See* 28 U.S.C. § 1367(c)(3) (allowing district courts to decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction); *see also Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under [28 U.S.C. § 1367(c)(3)] . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### III.   CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 23) should be and hereby is **ADOPTED** *in toto*. Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of June, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge